requirement inasmuch as defendant's description of the facts did not negate an essential element of robbery in the second degree, injury to a non-participant. In any event, County Court conducted further inquiry to ensure that defendant understood the nature of the charge and that the plea was intelligently entered *(see, People v Lopez, supra,* at 667-668). By his voluntary guilty plea, defendant waived review of the court's denial of his motion to dismiss the indictment for lack of notice of the Grand Jury proceeding *(see, People v Taylor,* 65 NY2d 1). (Appeal from Judgment of Cayuga County Court, Corning, J.—Robbery, 2nd Degree.) Present—Denman, P. J., Balio, Lawton, Callahan and Doerr, JJ.

■ CRAIG SMALLEY et al., Appellants, v NEW YORK STATE POWER AUTHORITY, Respondent, et al., Defendants. (Appeal No. 1.) [621 NYS2d 989] —Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Koshian, J. (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Summary Judgment.) Present—Denman, P. J., Balio, Lawton, Callahan and Doerr, JJ.

■ CRAIG SMALLEY et al., Appellants, v NEW YORK STATE POWER AUTHORITY, Respondent, et al., Defendants. (Appeal No. 2.) [621 NYS2d 989] —Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Koshian, J. (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Renewal.) Present—Denman, P. J., Balio, Lawton, Callahan and Doerr, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK HOFFMAN, Appellant. [621 NYS2d 1003] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that his recitation of the underlying facts during the plea colloquy called into question the voluntariness of his guilty plea. We cannot conclude that defendant's plea colloquy "casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" *(People v Lopez,* 71 NY2d 662, 666; *see, People v Gould,* 198 AD2d 856, *lv denied* 83 NY2d 805). Defendant admitted that, at the time of his arrest, he "had consumed enough alcohol to be legally intoxicated". Therefore, by failing to move to withdraw his guilty plea or to vacate the judgment of conviction, defendant failed to preserve for review his challenge to the factual sufficiency of the plea allocution *(see, People v Lopez, supra,* at